# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| INNOVATIVE AUTOMATION LLC,<br><br>   *Plaintiff*,<br><br>v.<br><br>VUDU, INC. and WAL-MART STORES, INC.,<br><br>   *Defendants*. | CASE NO. 2:13-CV-1109-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Vudu Inc.'s and Wal-Mart Stores Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6), filed February 12, 2014 (Dkt. No. 14). For the reasons set forth below, the Court finds that the motion should be **DENIED**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Innovative Automation is a California company, and owner of U.S. Patent No. 7,174,362 ("the '362 patent"). Defendant Vudu, Inc. is a Delaware corporation, headquartered in California. Defendant Wal-Mart Stores, Inc. is a Delaware corporation, headquartered in Arkansas.

On December 13, 2013 Plaintiff filed this suit against Defendants, alleging direct infringement of the '362 patent. At the time of filing, Plaintiff was engaged in several similar suits involving the same '362 patent. On February 12, 2014, the Defendants filed the instant

Motion to Dismiss for failure to state a claim. The Court subsequently consolidated this case with Plaintiff's other suits for all pretrial issues, save venue.

## II. LEGAL STANDARDS

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are not viewed with favor. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Though detailed factual allegations are not required, the plaintiff must plead facts sufficient to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the facts pleaded, accepted as true, allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Federal Circuit has specifically held that the Forms contained in the Federal Rules of Civil Procedure Appendix of Forms are sufficient to state a claim, and that, to the extent that *Iqbal* and *Twombly* seem to conflict with a Form, the Form controls. Whether "amended complaints adequately plead direct infringement is to be measured by the specificity required by Form 18." *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1334 (Fed. Cir. 2012).

### III. DISCUSSION

Form 18 requires that a properly-pleaded complaint for direct patent infringement set out: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *K-Tech Telecom., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)). Defendants contend that Plaintiff's allegations of infringement are too vague to establish the third element of Form 18.

The relevant portion of Plaintiff's complaint reads: "Defendants have infringed and continue[] to infringe the '362 patent by making, using, offering to sell, selling, and/or importing into the United States the Vudu content delivery product and service. The Vudu content delivery product and service is generally described, and is accessible, at http://www.vudu.com" (Dkt. No. 1, ¶ 11). A check of the cited internet site reveals that Defendants offer a set of web-based services for streaming movies over the internet.

Defendants argue that Plaintiff's complaint fails to properly state a claim because it does not specify the exact "aspect or functionality" of the Vudu product that allegedly infringes the '362 patent (Dkt. No. 14, at 4). They also argue that the complaint's reference to Vudu's website for a "general descri[ption]" of the product is too vague and fails to put the Defendants on notice of the allegedly infringing activity. *Id.* at 3. The Plaintiff need not identify the specific claims or deliver detailed infringement contentions at this stage of the proceedings, however. The Federal Circuit has held in *In re Bill of Lading* that, when compared to the requirements of Form 18, a

3

pleading standard that requires a plaintiff to "describe precisely how each element of the asserted claims are practiced" is too stringent. *In re Bill of Lading*, 681 F.3d at 1335. As this Court has held in the past, Form 18 essentially requires only that a complaint alleging direct infringement specify: (1) the asserted patent; and (2) a general description of the allegedly infringing product. *Rmail Ltd. v. Right Signature, LLC*, No. 2:11-CV-300-JRG, 2012 WL 2595305, at *1 (E.D. Tex. July 5, 2012).

In its complaint, Plaintiff described the '362 patent (Dkt. No. 1, ¶ 10) and attached a copy of it to the complaint. Further, the complaint alleged direct infringement of the '362 patent by the Defendants' "Vudu content delivery product and service" and referenced the product's own webpage where it is generally described. *Id.* at ¶ 11. The Plaintiff identified both the patent that has allegedly been infringed and the general description of the allegedly infringing product; therefore, the Plaintiff has met the pleading requirements for specificity under Form 18. *Compare Lone Star Document Management, LLC v. Atalasoft, Inc.*, No. 2:11–CV–00319–JRG, 2012 WL 4033322, at *3 (E.D. Tex. Sept. 12, 2012) (Holding that a plaintiff satisfied the requirement of Form 18 by claiming that the defendant was "making, using, selling, or offering for sale… [three of the defendant's] systems, services and/or products… embodying the patented inventions and designs without authority.") *with Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*, No. 6:09-CV-269-LED, 2010 WL 5175172, at *3 (E.D. Tex. Mar. 29, 2010) (Holding that a plaintiff's complaint of direct infringement did not adhere to Form 18 because it did not identify *any* products, services, methods, or other infringing acts for the patent-in-suit).

## IV. CONCLUSION

The Court finds that the Plaintiff has satisfied the pleading requirements for a complaint alleging direct patent infringement.

Having considered the matter carefully, the Court finds that Defendants' motion (Dkt. No. 14) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 19th day of August, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE